UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
CHRIS COLES,

                              Plaintiff,                Civ. No. 16cv4204

                -against-                  COMPLAINT

THE CITY OF NEW YORK,                PLAINTIFF DEMANDS
POLICE OFFICER RUBEN SANTOS &      A TRIAL BY JURY
JOHN DOE POLICE OFFICERS #1-5,

                            Defendants.
------------------------------------X

      Plaintiff, by his attorneys, GIORDANO LAW OFFICES, PLLC, complaining of Defendants respectfully alleges, upon information and belief:

### PRELIMINARY STATEMENT

      1.     Plaintiff brings this action pursuant to 42 U.S.C. §1983 *et seq.* for an incident of police misconduct, excessive force, and deprivation of protected rights, including those rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, that transpired on or about March 30, 2015 when police officers employed by THE CITY OF NEW YORK, including Defendant POLICE OFFICER RUBEN SANTOS and JOHN DOE POLICE OFFICERS #1-5, wrongfully assaulted, battered, detained, and falsely arrested Plaintiff CHRIS COLES.

      2.     On or about March 30, 2015, Plaintiff CHRIS COLES, a 24-year-old black transgender male, finished his night shift job as a nursing home security guard and headed toward the Bronx County Supreme Courthouse to obtain certified court papers approving his request to change his name from "Christina Marie Coles" to "Chris Tre'vion Coles."

      3.     At approximately 8:45 a.m., Plaintiff purchased a pack of cigarettes from a corner store on Grand Concourse and Fordham Road. When Plaintiff exited the store, he noticed that he

had the right of way to cross the street and observed his bus. As Plaintiff started to run across the street to catch his bus, the foil from the cigarette pack that he was opening fell to the ground.

4. Suddenly, out of the corner of his eye, Plaintiff observed a marked New York City Police Department cruiser on Grand Concourse, which nearly struck him before lurching to a halt. The vehicle's lights and sirens were not activated at the time. Plaintiff froze in his tracks, again glanced at the traffic light, again observed that he had the right of way, and began to hustle across the street toward his bus.

5. Without warning, the NYPD cruiser lurched forward again and nearly struck Plaintiff. Plaintiff froze a second time as a uniformed officer, Defendant POLICE OFFICER RUBEN SANTOS (hereinafter "SANTOS"), exited the vehicle, looked Plaintiff up and down, and demanded to know from Plaintiff if he was going to pick up the cigarette pack foil.

6. Incredulously, Plaintiff asked Defendant SANTOS if he was "serious" because it was very windy, the street was completely littered with other debris, and the cigarette foil was no longer visible.

7. Defendant SANTOS then demanded to see Plaintiff's identification and advanced toward Plaintiff in an aggressive manner. At the time, Plaintiff wore his security guard photographic identification card on a chain around his neck. Plaintiff raised his hands and backed several paces away from Defendant SANTOS. Plaintiff explained that he had just left work and stated that he felt as though Defendant SANTOS was harassing him, judging by his conduct and the way in which SANTOS was staring and grimacing at Plaintiff.

8. Defendant SANTOS again demanded to see Plaintiff's identification. When Plaintiff attempted to show Defendant SANTOS his identification, Defendant SANTOS

aggressively stated: "It's too late now. You are coming with me."

9. Plaintiff stated that he did not feel comfortable about getting into Defendant SANTOS's vehicle alone with no other officer present. Plaintiff used his cellular telephone to call his mother and tell her what was happening, so she would know where he was taken.

10. As Plaintiff spoke to his mother, with his back toward Defendant SANTOS, several other uniformed Defendant JOHN DOE POLICE OFFICERS had arrived at the scene.

11. Suddenly, without warning, Defendants SANTOS and JOHN DOE POLICE OFFICERS grabbed Plaintiff's arms, pushed Plaintiff forward, and twisted one of his arms behind his back. Still on the telephone, Plaintiff's mother listened helplessly to the scuffle.

12. Defendants forced Plaintiff onto the ground, handcuffed his hands behind his back in an extremely tight manner, and began rummaging through Plaintiff's pockets. As a result, Plaintiff's pants dropped, exposing his underwear-clad posterior to the crowd of onlookers that gawked at the incident, further exacerbating Plaintiff's shame and humiliation.

13. During this incident, Plaintiff's prescription eyeglasses fell onto the ground, shattered, and were irreparably destroyed. Plaintiff has been diagnosed as near-sighted, far-sighted, and with astigmatism. Plaintiff's vision was limited without his prescription glasses.

14. At no time did any of the Defendants tell Plaintiff why he was under arrest.

15. Defendants shoved Plaintiff into Defendant SANTOS's vehicle from one side as other Defendants dragged Plaintiff into Defendant SANTOS's vehicle from the opposite side. At no time did Plaintiff resist arrest. Defendants applied additional pressure to Plaintiff's wrists, pushed Plaintiff in the face, and pushed down on Plaintiff's head.

16. Plaintiff repeatedly told Defendants that the handcuffs were very tight, that the

cuffs hurt his wrists, and that his wrists were very sore. At no time did any of the Defendants loosen Plaintiff's handcuffs or acknowledge Plaintiff's complaints.

17. When an officer at the 52nd Precinct finally removed Plaintiff's handcuffs, Plaintiff's skin peeled off of his wrists. Everything that touched Plaintiff's wrists caused a burning sensation in Plaintiff's wrists. Plaintiff's body, knees, legs, and neck were covered in bruises, cuts and scrapes from Defendants tackling him.

18. At the 52nd Precinct, a female officer advised Plaintiff that he would be released with a summons. However, Defendants refused to issue a DAT and processed Plaintiff into the system where he was held for an extended period of time.

19. When Plaintiff finally saw a judge, he learned that he had been charged with Resisting Arrest, Assault, and Littering. Plaintiff was held in custody for approximately 12 to 13 hours before he was released on his own recognizance.

20. Plaintiff was forced to return to Bronx County Criminal Court numerous times, over a one year and one month period, until Plaintiff, at the advice of his criminal attorney, accepted an Adjournment in Contemplation of Dismissal ("ACD") on May 9, 2016, understanding that the criminal charges would be dismissed and sealed.

## JURISDICTION AND VENUE

21. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 in that this action arises under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction, since the state claims arise from the same operative facts and are part of the same case or controversy.

22. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) and (c) because Defendant THE CITY OF NEW YORK resides in the District. Additionally, all Defendants are subject to personal jurisdiction in this District and the acts complained of occurred within this District.

23. Prior to the commencement of this action, and within ninety days after the instant claim arose, Plaintiff caused a Notice of Claim in writing to be served upon the Defendant CITY OF NEW YORK on or about May 6, 2015, by delivering to and leaving the same with the New York City Comptroller's Office, in like manner as the service of a summons in the District Court, which said Notices of Claim set forth the name and post office address of Plaintiff and his attorney, the nature of, time when, place where, and manner in which the claims arose, and the items of damage and/or injuries claimed, or that might have been sustained, so far as it was practicable.

24. Over 30 days have elapsed since the service of such Notice of Claim, and Defendant THE CITY OF NEW YORK has failed to settle or adjust this matter. To date, Defendants have not explored or entered into any compromise of this matter.

25. A hearing, pursuant to Section 50-h of the General Municipal Law was held on May 18, 2016.

26. This action was commenced within one year and ninety days after the cause of action herein accrued.

## THE PARTIES

27. At all relevant times, Plaintiff was and is a resident of Bronx County, New York.

28. At all times relevant hereto, Defendants SANTOS and JOHN DOE POLICE

OFFICERS #1-5 acted in their official capacities, and were employees, agents, or servants of the Defendant THE CITY OF NEW YORK, acting under color of state law, within the meaning of 42 U.S.C. § 1983.

29. Defendants SANTOS and JOHN DOE POLICE OFFICERS #1-5 are employees acting within the scope of their employment as officers of the New York City Police Department.

30. Defendant THE CITY OF NEW YORK was and is a municipal corporation organized and existing under and pursuant to the laws of the State of New York. At all relevant times, Defendant THE CITY OF NEW YORK acted through its employees, agents and/or servants, including the individually named Defendants herein, who at all relevant times acted within the course and scope of their employment.

## AS AND FOR A FIRST CLAIM PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS SANTOS & JOHN DOE POLICE OFFICERS #1-5

31. Plaintiff repeats, reiterates and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

32. Defendants SANTOS and JOHN DOE POLICE OFFICERS #1-5, acting without probable cause, intentionally, without justification and with deliberate indifference to the rights, life, and liberty of Plaintiff, falsely arrested and imprisoned Plaintiff. Defendants physically and forcibly detained and handcuffed Plaintiff and held him under arrest.

33. As a result of the aforementioned occurrence, Defendants SANTOS and JOHN DOE POLICE OFFICERS #1-5, acting under color of state law, violated 42 U.S.C. § 1983 and deprived Plaintiff of his rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States and Art. 1, § 12 of the Constitution of the State of New York,

including the right not to be deprived of life, liberty, and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and constitutions of the United States and the State of New York.

34. As a result of the foregoing, Plaintiff was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

35. As a result of this incident, Plaintiff missed one day of work and feared a loss of his livelihood as a security guard due to the false pending charges on his record.

36. As a result of the foregoing, Plaintiff demands monetary damages against Defendants SANTOS and JOHN DOE POLICE OFFICERS #1-5 and is further seeking punitive damages against Defendants SANTOS and JOHN DOE POLICE OFFICERS #1-5 in an amount to be determined by jury.

### AS AND FOR A SECOND CLAIM PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS SANTOS & JOHN DOE POLICE OFFICERS #1-5

37. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

38. Defendants SANTOS and JOHN DOE POLICE OFFICERS #1-5 acted intentionally and with deliberate indifference to the rights, life and liberty of Plaintiff by physically attacking, assaulting, and battering Plaintiff without justification or cause.

39. As a result of the aforementioned occurrence, Defendants SANTOS and JOHN DOE POLICE OFFICERS #1-5, acting under color of state law, violated 42 U.S.C. § 1983 and deprived Plaintiff of his rights secured under the Fourth and Fourteenth Amendment of the Constitution of the United States and Art. 1, § 12 of the Constitution of the State of New York,

including the right not to be deprived of life, liberty, and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and constitutions of the United States and the State of New York.

40. As a result of the foregoing, Plaintiff was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

41. As a result of the foregoing, Plaintiff suffered temporary painful swelling, bruising, cuts, and scrapes.

42. As a result of the foregoing, Plaintiff's prescription eyeglasses were destroyed and needed to be replaced.

43. As a result of the foregoing, Plaintiff demands monetary damages against Defendants SANTOS and JOHN DOE POLICE OFFICERS #1-5 and is further seeking punitive damages against Defendants SANTOS and JOHN DOE POLICE OFFICERS #1-5 in an amount to be determined by jury.

### AS AND FOR A THIRD CLAIM PURSUANT TO 42 U.S.C. §1983 AGAINST DEFENDANTS SANTOS & JOHN DOE POLICE OFFICERS #1-5 FOR DENIAL OF A RIGHT TO A FAIR TRIAL

44. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

45. Defendants SANTOS and JOHN DOE POLICE OFFICERS #1-5 created false information likely to influence a jury's decision and forwarded that information to prosecutors, which violated Plaintiff's constitutional right to a fair trial.

46. Upon information and belief Defendants SANTOS and JOHN DOE POLICE OFFICERS #1-5 conspired together to fabricate and forward to prosecutors a false police report

almost certain to influence a jury's verdict.

47. Defendant SANTOS, an investigating official, fabricated information and evidence, by making false statements about Plaintiff's conduct, which were memorialized in the criminal complaint.

48. Specifically, Defendant SANTOS falsely represented to the Bronx County District Attorney that Plaintiff "swung her elbow backward toward [Defendant SANTOS] striking him in the chest" and that Plaintiff "flail[ed] her arms and kick[ed] her legs in an attempt to avoid being handcuffed." The Bronx County District Attorney memorialized Defendant SANTOS's false narrative of events preceding Plaintiff's arrest in the Criminal Complaint against Plaintiff.

49. Plaintiff never swung her elbow into Defendant SANTOS's chest, flailed her arms, or kicked her legs to avoid being handcuffed.

50. Even though Plaintiff's criminal case never reached trial, Defendant SANTOS's false and misleading report led to Plaintiff's pre-trial detention; the Bronx County District Attorney relied upon this false information to pursue criminal charges against Plaintiff; this false information influenced the course of Plaintiff's prosecution; and this false information was likely to influence a jury.

51. As a result of the foregoing, Plaintiff was forced to return to court multiple times over a one year and one month period, and ultimately accepted an ACD because the District Attorney's office, relying upon false information forwarded by Defendants, continued to pursue criminal charges against Plaintiff.

52. As a result of the aforementioned occurrence, Defendants SANTOS and JOHN

DOE POLICE OFFICERS #1-5, acting under color of state law, violated 42 U.S.C. § 1983 and deprived Plaintiff of his rights secured under the Fourth and Fourteenth Amendment of the Constitution of the United States and Art. 1, § 12 of the Constitution of the State of New York, including the right not to be deprived of life, liberty, and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and constitutions of the United States and the State of New York.

53. As a result of the foregoing, Plaintiff was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

54. As a result of the foregoing, Plaintiff demands monetary damages against Defendants SANTOS and JOHN DOE POLICE OFFICERS #1-5 and is further seeking punitive damages against Defendants SANTOS and JOHN DOE POLICE OFFICERS #1-5 in an amount to be determined by jury.

### AS AND FOR A FOURTH STATE CLAIM OF FALSE ARREST AGAINST ALL DEFENDANTS

55. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

56. Defendants, acting without probable cause, intentionally, without justification and with deliberate indifference to the rights, life and liberty of Plaintiff, falsely arrested and imprisoned Plaintiff.

57. As a result of the foregoing, Plaintiff was caused to suffer bodily harm, loss of liberty and life, substantial physical, emotional, mental and psychological pain as a result thereof, and was otherwise injured.

58. As a result of the foregoing, Plaintiff demands monetary damages against all Defendants and is further seeking punitive damages against Defendants SANTOS and JOHN DOE POLICE OFFICERS #1-5 in an amount to be determined by jury.

### AS AND FOR A FIFTH STATE CLAIM OF ASSAULT AND BATTERY AGAINST ALL DEFENDANTS

59. Defendants SANTOS and JOHN DOE POLICE OFFICERS #1-5, intentionally and without justification, placed Plaintiff in fear of imminent physical harm, attacked, assaulted, and battered Plaintiff.

60. As a result of the foregoing, Plaintiff was caused physical injuries and substantial emotional, mental and psychological pain.

61. As a result of the foregoing, Plaintiff demands monetary damages against all Defendants and is further seeking punitive damages against Defendants SANTOS and JOHN DOE POLICE OFFICERS #1-5 in an amount to be determined by jury.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

a. Compensatory damages against all Defendants;

b. Punitive damages against Defendants SANTOS and JOHN DOE POLICE OFFICERS #1-5;

c. The convening and empaneling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorney's fees;

e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
June 6, 2016

                Giordano Law Offices, PLLC
                *Attorneys for Plaintiff*

By: _____
                Carmen S. Giordano, Esq. (CSG-3927)
                226 Lenox Avenue
                New York, NY 10027
                (212) 406-9466